**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.  Case No. 3:08-cr-368-J-34JRK

DAVID MARSHALL DEAL
a/k/a cptliquidice999999
a/k/a m d
_____/

### **ORDER**[1]

**THIS CAUSE** is before the Court on the Report and Recommendation (Dkt. No. 92; Report), entered by the Honorable James R. Klindt, United States Magistrate Judge, on July 29, 2009. In the Report, Magistrate Judge Klindt recommended that Defendant's Motion to Suppress Fruits of Warrantless Search (Dkt. No. 39; Motion to Suppress Evidence) and Defendant's Motion to Suppress Statements (Dkt. No. 40; Motion to Suppress Statements) be denied. See Report at 34. Defendant has failed to file objections to the Report, and the time for doing so has now passed.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions

---

[1] This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically. However, it has been entered only to decide the issues addressed herein and is not intended for official publication or to serve as precedent.

de novo. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at * 1 (M.D. Fla. May 14, 2007). In the instant action, neither Defendant nor the government have filed objections to the Magistrate Judge's recommended resolution of the Motion to Suppress Evidence. Upon independent review of the file and for the reasons stated in the Magistrate Judge's Report, the Court will accept and adopt, with one exception, the legal and factual conclusions recommended by the Magistrate Judge.[2] Accordingly, it is hereby

**ORDERED:**

1. With the exception of the analysis in Section IV. A. 2(a), the Magistrate Judge's Report and Recommendation (Dkt. No. 92) is **ADOPTED** as the opinion of the Court.

2. Defendant's Motion to Suppress Fruits of Warrantless Search (Dkt. No. 39) is **DENIED**.

---

[2] While the Court does not reject the analysis in Section IV. A. 2(a) of the Report, the Court declines to adopt the conclusion therein. The restriction of a search incident to arrest to circumstances in which "the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search" was announced in Arizona v. Gant, __ U.S. __, 129 S.Ct. 1710, 1723 (2009). The search at issue occurred on September 11, 2008, some seven months before the Gant decision. The Supreme Court has previously expressed hesitancy in the application of the exclusionary rule to a circumstance where the conduct at issue was permissible under the prevailing constitutional norm. See United States v. Peltier, 422 U.S. 531, 542 (1975). As the undersigned adopts the Magistrate Judge's determination that the search at issue here was otherwise proper, see Report at 16-22, 24-25, the Court need not determine whether evidence obtained from a search of the vehicle based solely on the fact of Defendant's arrest would have been due to be excluded.

3. Defendant's Motion to Suppress Statements (Dkt. No. 40) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 11th day of January, 2010.

*Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

Copies to:
Counsel of Record